# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 03-CR-30095-MJR |
| ROY S. CUTRIGHT, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND O R D E R

**REAGAN, District Judge:**

### I. Background

On July 8, 2004, Defendant Roy S. Cutright entered an open plea in this case. He pled guilty to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) and 846, and of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In sentencing Cutright, the Court adopted the Sentencing Guidelines's calculation contained in the Presentence Report ("PSR"), to which there were no objections, and determined that, based upon an adjusted offense level of 31 and a criminal history category of II, the Sentencing Guidelines imprisonment range was 121 to 151 months. There was a mandatory minimum of 120 months in the case. The Court sentenced Cutright to 120 months in prison.

On December 3, 2007, Cutright filed a motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 144), contending that he is entitled to a reduction in sentence based upon Amendment 709, which amended U.S.S.G. § 4A1.2(c)(1)(A) by striking the phrase "at least one" and inserting the phrase "more than one." Section 4A1.2(c)(1)(A), as amended, provides that sentences for criminal history purposes are counted only if "(A) the sentence was a term of probation

1

of *more than one* year or a term of imprisonment of at least thirty days[.]" (emphasis added). Cutright contends that, under this amended section of the Guidelines, one of his prior convictions would not count for 1 criminal history point. He would then have only 1 criminal history point, giving him a criminal history category of I, which would make him eligible for the "safety valve."

**II. Analysis**

§ 3582(c)(2) provides, in pertinent part, as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**18 U.S.C. § 3582(c)(2)**.

Thus, under this statute, a reduction in a defendant's sentence may be appropriate in a situation where the defendant has been sentenced to a term of imprisonment based on a sentencing range which has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), and the Commission announces that the amendment is to be retroactively applied. However, if an amendment to the Guidelines is not listed in U.S.S.G. § 1B1.10(c) (Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)) as an amendment which is to be retroactively applied, then the amendment may not serve a basis for reducing a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). ***See, e.g., Ebbole v. United States*, 8 F.3d 530, 539 (7th Cir. 1993) (declining to apply U.S.S.G. § 3E1.1 retroactively on grounds that amendment to section did not appear in list of amendments in section 1B1.10(d))**.

The amended Guideline section relied upon by Cutright is not listed in § 1B1.10(c). Because the amended Guideline section is not mentioned in U.S.S.G. § 1B1.10(c), and has therefore not been

made retroactive by the Sentencing Commission, this amendment cannot serve as a basis for reducing Cutright's sentence under § 3582(c)(2).  Therefore, this Court is without jurisdiction to entertain Cutright's motion,  and neither 18 U.S.C. § 3582 nor the amended U.S.S.G. § 4A1.2(c)(1) provides any basis for the requested modification of his sentence.  Cutright's criminal history total remains at 2 points, which is a criminal history category II.  A criminal history category II prevents the application of the safety valve.

Cutright makes a second argument regarding the 2 point enhancement for possessing a firearm.  He asserts that every circuit that has reviewed this issue has determined that application of § 5C1.2 is not precluded by a weapons possession enhancement to his sentence based on co-conspirator liability.  However, as the Government correctly contends, the time for raising this issue has passed.  First, this enhancement was included in the original PSR, and Cutright did not object to the PSR.  Second, under Rule 4 of the Rules of Appellate Procedure, Cutright had ten days after entry of a judgment to file a notice of appeal.  Cutright was sentenced on February 23, 2005, and did not appeal his sentence.  Thus, Cutright's opportunity to challenge the enhancement for possessing a firearm is foreclosed.

For the above-stated reasons, the Court **DENIES** for lack of jurisdiction Cutright's motion for modification of sentence pursuant to 18 U.S.C. § 3582(c) (Doc. 144).

**IT IS SO ORDERED.**

**DATED this 4th day of February, 2008**

> **s/Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**